## Case No. 13,763.

### TATHAM et al. v. LORING.

[5 N. Y. Leg. Obs. 207.]

Circuit Court, D. Massachusetts. May Term. 1845.

PATENTS—ASSIGNMENT BY NONRESIDENT ALIEN — TITLE OF PATENTEE.

1. Assignees of an invention can take only such rights as the inventors.

2. Where a patent was taken out by the assignees of the inventors in their own name, such assignees being citizens of the United States, but it appeared that the inventors were aliens, and had never been residents of the United States, or put their invention on sale there, held, that the assignees had no title to such patent.

Case for the infringement of "a new and useful improvement in the machine for making or manufacturing pipes and tubes from lead and other metallic substances." The plaintiffs [George N. Tatham and others] claimed as assignees of John and Charles Hanson, the inventors; and the patent was granted to the assignees on the 29th of March, 1841. The breach assigned in the declaration was for making and using the patented machine, and the plea was the general issue, with a specification of special matters of defence.

Mr. Dexter, for plaintiffs, in the opening, stated that the patent was for improvements on Thomas Burr's invention. His patent was granted in 1820, and was a total failure. The plaintiffs claimed several improvements, some of which were equivalents of each other. He cited 41 Repertory of Arts (1822) p. 267, and Journal of Arts, No. 6, p. 41, for November, 1820.

B. R. Curtiss and Mr. Hoar, for defendant [David Loring] made several points in defence: (1) That there was no novelty in the supposed invention in the patent; and they cited 8 Jour. Fr. Inst. p. 136, N. F. 1831; 5 London Journal of Arts, p. 76. (2) That the machine used by the defendant was not the same combination as that of the plaintiffs, in the apparatus or the mode of operation. (3) That the supposed inventors are aliens; and although the assignees are citizens, they can take only such rights as the inventors could take. and here had not shown any title in conformity to the patent acts. For this they cited Patent Act 1836, c. 357, §§ 6, 9, 10, 12, 15 [5 Stat. 117]; Patent Act 1837, c. 45, § 6

[5 Stat. 193]; Patent Act 1839, c. 88 [5 Stat. 353].

STORY, Circuit Justice. The plaintiffs insist that the defendant has violated their patent by using what is called the fixed cone, and also the chamber in their machine. In respect to the chamber, the defendant insists that the patent by its term is limited to a chamber of conical form, whereas he uses a simple cylindrical form. The defendant also insists that he uses the short cone and holder, and that it is not included in the specification. In respect to the first objection, I incline to think that the plaintiff, by his specification, claims only the conical form of the chamber, and has made that form a material part of his invention. In respect to the cone, I have more doubt; but incline to think that the cone, although not distinctly claimed in the specification, is nevertheless, by implication, included as a part of the improvements claimed in the patent. However, it is not necessary to decide either point. The great objection is as to the validity of the patent. The inventors are confessedly aliens, and the assignees can claim nothing except what the aliens could have claimed if they had taken out the patent. They take by assignment the rights of the inventors, and can take no more. Their being citizens of the United States makes no difference in the case. The inventors are not, and have never been, residents in the United States, and they have not put their invention on sale to the public in the United States. These facts are conceded. Now the ninth section of the patent act of 1836 (chapter 357) expressly requires that the applicant for a patent, if an alien, shall have been a resident in the United States for one year next preceding his application, and shall have made oath of his intention to become a citizen. The fifteen section of the same act makes it a good matter of defence, and bar to the suit for a violation of the patent, that the patentee, if an alien at the time when the patent was granted, had failed and neglected, for the space of eighteen months from the date of the patent, to put and continue on sale to the public on reasonable terms the invention or discovery for which the patent issued. The eleventh section of the same act makes every patent assignable; and the sixth section of the act of 1837 (chapter 45) enables the assignee of any invention to take out a patent therefor in his own name. But the section contains no clause authorizing a patent to be granted to the assignee, where the inventor himself would not be entitled to a patent. That would be to place the assignee in a better situation, and to give him a higher and yet different claim from that of the inventor himself. No such policy can possibly be deduced from the nature or objects of the patent act; and if the doctrine were well founded, a nonresident alien might evade the whole provisions

of the patent acts, and enjoy an unrestricted monopoly of his patent by a single transfer thereof to a citizen. My opinion is that the present objection is fatal to the suit.

Upon this opinion being expressed, the plaintiff asked leave to become nonsuit, with leave to move for a new trial upon the last point, if he should, upon further consideration, elect so to do.

[See Case No. 13,762, and note.]